IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RANDALL GUM,

    Plaintiff,

  v.                                     CIVIL NO. 2:24-CV-17
                                        (KLEEH)
CITY OF ELKINS,
CORPORAL C. BOATRIGHT, and
OFFICER N. ELBON,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF NO. 12]**

Pending before the Court is Defendants' partial motion to dismiss. For the reasons discussed herein, the Court **DENIES** the motion.

## I. PROCEDURAL HISTORY

On July 7, 2024, the Plaintiff, Randall Gum, II ("Plaintiff"), filed a complaint against the Defendants, Corporal C. Boatright ("Boatright"), Officer N. Elbon ("Elbon"), and the City of Elkins (the "City") (together, "Defendants"), asserting that Defendants violated his rights during his arrest in July 2022. On November 11, 2024, Defendants filed a partial motion to dismiss. The motion is fully briefed and ripe for review.

## II. FACTS

The following facts are taken from the complaint. For purposes of analyzing the partial motion to dismiss, the Court

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF NO. 12]**

assumes that they are true. Plaintiff was arrested on or about July 14, 2022, by officers with the Elkins Police Department. Compl., ECF No. 1, at ¶ 1. Elbon, a police officer employed by the City, choked Plaintiff and punched him in the face, head, and body. Id. Elbon also sprayed Plaintiff with OC Spray and slammed his face into a wall at the police department. Id. Boatwright, another police officer employed by the City, struck Plaintiff in the head multiple times while Plaintiff was being escorted to the police cruiser. Id. Boatwright and Elbon made repeated threats toward Plaintiff, and they prepared a false police report in an attempt to cover up their conduct. Id. ¶¶ 1, 4. They also falsely accused Plaintiff of spitting. Id. ¶ 1. Plaintiff did not pose a threat when he was kicked and struck. Id.

Based on these facts, Plaintiff brings the following claims:

- Count One: Violations of the Fourth Amendment to the United States Constitution/Excessive Force (42 U.S.C. § 1983) (asserted against Boatwright and Elbon);

- Counts Two and Three: Reckless/Malicious Conduct/Battery (asserted against Boatwright and Elbon);

- Count Four: Deliberate Indifference (42 U.S.C. § 1983) (asserted against the City);

- Count Five: Injunctive Relief (asserted against the City); and

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF NO. 12]**

- Count Six: Negligent Training (asserted against the City).

Plaintiff asserts that he has suffered from physical injury, emotional distress, medical bills, pain and suffering, and permanent injury. Id. ¶¶ 10, 14, 18, 25. He requests compensatory damages, punitive damages, attorney's fees and costs, court costs, pre-judgment interest, and post-judgment interest. Id. Plaintiff states in the complaint that he does not seek punitive damages from the City but seeks attorney's fees associated with the claims against the City under Counts Four and Five.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF NO. 12]**

Factual allegations must be sufficient "to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 545. Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted).

**IV. DISCUSSION**

Defendants have moved to dismiss Count Four, Count Five, and any request for punitive damages against the City. In his response, Plaintiff states that he is withdrawing his claim for injunctive relief (Count Five) and that he is not seeking punitive damages against the City. Accordingly, the only remaining issue is the deliberate indifference claim (Count Four). For the reasons discussed herein, at this stage, the Court finds that Count Four should not be dismissed.

A municipality may be found liable under 42 U.S.C. § 1983 if it follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights. Monell v. Dep't of

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF NO. 12]**

Social Servs. of City of New York, 436 U.S. 658, 694 (1978).  A custom, policy, or practice can arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."  Id. at 217 (internal citations omitted).

Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003).  "[T]he substantive requirements for establishing municipal liability for police misconduct are stringent. . . .  The critical Supreme Court decisions have imposed this stringency in a deliberate effort to avoid the indirect or inadvertent imposition of forms of vicarious liability rejected in Monell."  Spell v. McDaniel, 824 F.2d 1380, 1391 (4th Cir. 1987).

Here, Plaintiff's Monell claim is based on a theory that the City's failure to address prior officer misconduct and train its officers amounts to deliberate indifference.  The failure to train "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"  Id. (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  It is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."

Bd. of County Comm'rs v. Brown, 520 U.S. 397, 410 (1997). "Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." Connick v. Thompson, 563 U.S. 51, 61 (2011).

Generally, proof of a single incident of unconstitutional activity is insufficient to impose municipal liability. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); see also Semple v. City of Moundsville, 195 F.3d 708, 713-14 (4th Cir. 1999) ("[P]roof of a single incident of the unconstitutional activity charged is not sufficient to prove the existence of a municipal custom."). The Supreme Court has, however, left open "the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 409 (1997) (citation omitted). "Although prevailing on the merits of a Monell claim is difficult, simply alleging such a claim is, by definition, easier." Owens v. Baltimore City State's Attorneys Off., 767 F.3d 379, 402 (4th Cir. 2014). "The recitation

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS' PARTIAL MOTION TO DISMISS [ECF NO. 12]**

of facts need not be particularly detailed, and the chance of success need not be particularly high." Id. (citations omitted).

Here, Plaintiff alleges that the City "has a custom, history and policy that allows its officers to use excessive force without consequence." Compl., ECF No. 1, at ¶ 16. He alleges that "Boatwright has a history of using excessive and unnecessary force against individuals being arrested" and that the City is "aware of [it] but has not taken action." Id. He asserts that the City's deliberate indifference is evidenced by its failure to address, train, or discipline Boatright. Id. Based on these allegations, the Court finds that Count Four is sufficiently pled. Plaintiff's allegation that Boatwright has a history of engaging in excessive force plausibly supports the Monell claim because it indicates a likelihood that the City was on notice of wrongful conduct and did not correct the behavior or train its employees to behave differently.[1] Accordingly, the motion is denied with respect to Count Four.

---

[1] Plaintiff attached to his response the testimony of the Rule 30(b)(6) representative for the City in Isner v. City of Elkins, No. 2:21-CV-27, 2022 WL 1750630 (N.D.W. Va.), asserting that the testimony "corroborates the allegations set forth in the complaint." Response, ECF No. 14, at 2. The Court cannot and does not consider factual assertions that are presented for the first time in a plaintiff's response. See Sanders v. Bank of Am., No. 1:16-cv-78, 2016 WL 4998290, at *2 (N.D.W. Va. Sept. 19, 2016) (citation omitted). "It is well-established that parties cannot amend their complaints through briefing . . . ." S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013) (citations omitted).

### V. CONCLUSION

For the reasons discussed, the Court **ORDERS** as follows:

- Defendants' partial motion to dismiss is **DENIED** [ECF No. 12];

- Count Five is **DISMISSED** upon Plaintiff's withdrawal; and

- Plaintiff may not seek punitive damages against the City.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: August 13, 2025

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA